1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   SIOBHAN GENESSI,                        Case No.  2:23-cv-01054-DAD-JDP (PS)

12                 Plaintiff,                 **ORDER**

13        v.                                  SCREENING PLAINTIFF'S COMPLAINT,
                                              GRANTING HER MOTION TO PROCEED *IN*
14   PLACER COUNTY SUPERIOR COURT,            *FORMA PAUPERIS*, AND DENYING HER
     *et al.*,                               MOTION FOR APPOINTMENT OF
15                                            COUNSEL

16                 Defendants.                ECF Nos. 1, 2, & 3

17                                            RESPONSE DUE IN THIRTY DAYS

18
19            Plaintiff Siobhan Genessi filed a complaint against the Placer County Superior Court,

20   Placer County Child Protective Services, Placer County Counsel, and seven individuals, two of

21   whom plaintiff identifies as CPS employees, alleging that her due process rights were violated in

22   connection with her son's custody determination.  Her complaint, however, fails to state a claim.

23   I will give plaintiff a chance to amend her complaint before recommending dismissal.  I will also

24   grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing

25   required by 28 U.S.C. §§ 1915(a)(1) and (2), and deny her motion for appointment of counsel.

26                           **Motion to Appoint Counsel**

27            Plaintiff moves for appointment of counsel.  ECF No. 3.  Plaintiff does not have a

28   constitutional right to appointed counsel, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.

                                        1

1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard*

*v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court can request the

voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney

to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  But without means to

compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In

determining whether such circumstances exist, "the district court must evaluate both the

likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims pro

se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal

quotation marks and citations omitted).

Plaintiff argues that while she can communicate the facts of her case well, she struggles to

understand the law.  ECF No. 3 at 1.  Plaintiff explains that she previously had counsel for her

state court matter, but she fired the lawyer in November 2021 when he failed to appeal the

custody determination.  *Id.* at 2.  The court finds that this case does not demonstrate exceptional

circumstances warranting appointment of counsel.  Plaintiff has not demonstrated that she is

likely to succeed on the merits, and the allegations in the complaint are not exceptionally

complicated.

## Screening and Pleading Requirements

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

n.2 (9th Cir. 2006) (en banc) (citations omitted).

1    The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

2    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

3    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

4    would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

5    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

6    of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

7    1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

8                                        **Analysis**

9         Plaintiff Siobhan Genessi brings this civil rights action against Placer County Superior

10   Court, Placer County Child Protective Services ("CPS"), Placer County Counsel, Hilary Trauth,

11   Bridget Riley, Bianca Yarmaluk, Roger Coffman, Kee Ann Smith, Kristina Shramek, and Jason

12   Folker.  ECF No. 1.  The complaint alleges that on June 5, 2019, Placer County CPS removed her

13   minor son under the pretext of a non-existent warrant.  *Id.* at 1-2.  Plaintiff discovered at a

14   custody proceeding that the "charging documents" were identical to a complaint filed in Alabama

15   family court three years prior.  *Id.* at 2.  The complaint alleges the Placer Court failed to give Full

16   Faith and Credit to the Alabama decision, which was dismissed.  *Id.*

17        After plaintiff's son was removed from her care, CPS employee defendant Bridge Riley

18   supervised plaintiff's visits with her son.  *Id.*  The complaint alleges that Riley would threaten

19   plaintiff with ending the visits early when plaintiff's son would misbehave.  CPS suspended

20   plaintiff's visits in September 2019 and plaintiff has not seen her son since, despite court orders

21   that she be allowed therapeutic visits with her son in December 2019 and January 2020.  *Id.* at 3.

22        In April 2020, CPS sent plaintiff's son to live with plaintiff's father's family in Texas.  *Id.*

23   While in Texas, her son was not enrolled in school or seen by a doctor, dentist, or therapist (to

24   treat his autism).  *Id.* at 4.  The Placer Court held a hearing in August 2020 to determine custody

25   of plaintiff's son.  *Id.* at 4.  Plaintiff claims that Franklin (plaintiff's son's father) paid Placer

26   County Counsel to represent his interests at the hearing and that CPS employee defendant Trauth

27   admitted on the stand that she tried to "get a confession out of" plaintiff.  *Id.* at 4-5.  The Placer

28

Court awarded custody to the family in Texas and Franklin "accepted" custody of plaintiff's son in January 2021. *Id.*

Plaintiff seeks $10 million in compensatory damages, $20 million in punitive damages, and full custody of her son. *Id.* at 6.

This court does not have jurisdiction over child custody claims, which are exclusively matters of state law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *see also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (stating that "federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors and a fortiori, right of visitation['] the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter"). "Even when a federal question is presented, federal courts decline to hear disputes [that] would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986).

Further, this court lacks subject matter jurisdiction to review final determinations of state court custody proceedings. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court . . . has no authority to review the final determinations of a state court in judicial proceedings."). Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). To determine whether the *Rooker-Feldman* doctrine bars a case, a court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the *Rooker-Feldman* inquiry ends." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," the court cannot hear the de facto appeal portion of the case, and, "[a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its

1    judicial decision." *Noel*, 341 F.3d at 1158; *see also Bell*, 709 F.3d at 897 ("The 'inextricably

2    intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto

3    appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis."). A complaint is

4    a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong

5    allegedly committed by the state cour[t] and seeks relief from the judgment of that court." *Noel*,

6    341 F.3d at 1163.

7           Plaintiff asks this court to invalidate a state court decision granting custody of her son to

8    her son's father—which is squarely what *Rooker-Feldman* prohibits. *In re Gruntz*, 202 F.3d

9    1074, 1079 (9th Cir. 2000). A request to vacate a family court order is generally considered a de

10   facto appeal and barred by *Rooker-Feldman*. *See Moore v. Cnty. of Butte*, 547 F. App'x 826, 829

11   (9th Cir. 2013); *Riley v. Knowles*, No. 1:16-CV-0057-JLT, 2016 WL 259336, at *3 (E.D. Cal.

12   Jan. 21, 2016). Plaintiff's action constitutes a "forbidden de facto appeal," and the court lacks

13   subject matter jurisdiction. *See Davis v. California Dep't of Child Servs.*, No. 2:20-cv-01393-

14   TLN-AC (PS), 2020 WL 5039243, at *2 (E.D. Cal. Aug. 26, 2020) (finding that plaintiff's civil

15   action regarding a state court's child custody determination constituted a forbidden "de facto

16   appeal" that was barred by the *Rooker-Feldman* doctrine).

17          The complaint also alleges a denial of familial association. Parents have a constitutionally

18   protected liberty interest in the care and custody of their children. *Santosky v. Kramer*, 455 U.S.

19   745, 753 (1982). "While a constitutional liberty interest in the maintenance of the familial

20   relationship exists, this right is not absolute. The interest of the parents must be balanced against

21   the interests of the state and, when conflicting, against the interests of the children." *Woodrum v.

22   Woodward Cty., Okl.*, 866 F.2d 1121, 1125 (9th Cir. 1989). The right to familial association has

23   both a substantive and a procedural component. *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir.

24   2018). "While the right is a fundamental liberty interest, officials may interfere with the right if

25   they provide the parents with fundamentally fair procedures[.]" *Id.* at 883 F.3d at 1236 (internal

26   citations omitted); *see also Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 789 (9th Cir. 2016)

27   (quoting *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999)) (The Fourteenth Amendment

28   guarantees "that parents and children will not be separated by the state without due process of law

except in an emergency").  "Officials may not remove children from their parents without a court order unless they have 'information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury.'"  *Keates*, 883 F.3d at 1236 (citing *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007)).

Here, plaintiff alleges that CPS falsely represented that they had a warrant to remove her child.  While this allegation could potentially state a familial associate claim, plaintiff's allegation is conclusory and in need of elaboration.  Plaintiff will be afforded an opportunity to amend her complaint and elaborate on the circumstances surrounding her son's removal by CPS.  The court understands the thrust of plaintiff's complaint to center around her son's custody determination, which, as explained above, is outside this court's jurisdiction.

I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed.  Plaintiff should also take care to add specific factual allegations against each defendant.  Indeed, several of the listed defendants are mentioned nowhere in the complaint.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2.  Plaintiff's motion for the appointment of counsel, ECF No. 3, is denied.

3.  Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court she wishes to stand by her current complaint.  If she selects the latter option, I will recommend that this action be dismissed.

4. Failure to comply with this order will result in the dismissal of this action.

5. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:    December 19, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7