UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIOBHAN GENESSI,<br><br>        Plaintiff,<br><br>   v.<br><br>PLACER COUNTY SUPERIOR COURT, *et al.*,<br><br>        Defendants. | Case No. 2:23-cv-01054-DAD-JDP (PS)<br><br>**ORDER**<br><br>SCREENING PLAINTIFF'S COMPLAINT AND GRANTING HER MOTION FOR AN EXTENSION OF TIME<br><br>ECF Nos. 10 & 11<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

      Plaintiff Siobhan Genessi has filed a first amended complaint against the Placer County Superior Court, Judge Coleen Nichols, Placer County Child Protective Services, Placer County Counselors Kee Ana Smith and Roger Coffman, and Placer County CPS employee Hilary Trauth. Plaintiff alleges that her due process rights were violated both when her son was removed from her custody and during the pendency of the resulting custody proceeding. Her amended complaint continues to lack allegations sufficient to state a claim. I will give plaintiff a final chance to amend her complaint before recommending dismissal. I will also grant her motion for extension of time and deem her first amended complaint timely.

1

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As explained in detail in the court's prior screening order, plaintiff brings this action against several individuals and entities involved with her son's child custody determination. Plaintiff alleges that Placer County CPS misrepresented that they had a warrant when it removed her son from her custody, but that it obtained a warrant the following day. *Id.* at 2. Plaintiff claims that following her son's removal, Placer County CPS worker Hilary Trauth and county counselors Kee Ana Smith and Roger Coffman, made misrepresentations about her to the court. Those misrepresentations, plaintiff alleges, ultimately lead to her loss of custody of her son. *Id.* at 2-6.

As an initial matter, Placer County Superior Court, Judge Nicolas, and county counselors Smith and Coffman, are immune from this suit.[1] Placer County Superior Court is an arm of the state and thus cannot be sued in federal court pursuant to the Eleventh Amendment. *See Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156,1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its employees); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (California municipal court is arm of state protected from lawsuit by 11th Amendment immunity). Plaintiff's claim against Judge Nicolas is also barred. State judges are absolutely immune from civil liability for damages for acts performed in his or her judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Finally, county counselors Smith and Coffman, who appear to have been acting as prosecutors, enjoy immunity from suits when they act within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Because plaintiff attempts to impose liability for acts taken in the county counsels' prosecutorial capacity, these claims fail.

The complaint generally alleges that plaintiff's civil rights were violated during the pendency of the state court custody determination. But those claims violate *Rooker-Feldman* and are thus barred. *Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (explaining that the *Rooker-Feldman* doctrine barred the plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void"). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of final state court determination. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) ("The United States District Court . . . has no authority to review

---

[1] Plaintiff lists in the heading of her complaint several California Welfare and Institutions codes and California Rules of Court. *See* ECF No. 12 at 1. However, the application of those codes and rules are not explained in the complaint and none create a basis for a cause of action.

3

1 the final determinations of a state court in judicial proceedings."). Moreover, plaintiff's
2 allegation that CPS employee Trauth made false statements to the state court are barred by
3 *Rooker-Feldman* because plaintiff had the opportunity to present this argument to the state court
4 before the court made its final determination. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855,
5 859-60 (9th Cir. 2008).

6 The complaint also has the makings of a denial of familial association claim against Placer
7 County CPS. *See Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). However, plaintiff does
8 not allege that any particular CPS worker removed her son without a warrant. CPS is considered
9 "merely [an] administrative unit[ ] of the state and ha[s] no capacity to be sued." *Smith v. Barrow*
10 *Neurological Institute*, No. CV 10-01632-PHX-FJM, 2013 WL 526391, at *3 (D. Az. Feb. 12,
11 2013). "Municipalities and other local government units . . . [are] among those persons to whom
12 § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipal
13 entity or its departments, is liable under § 1983 only if the plaintiff shows that his or her
14 constitutional injury was caused by employees acting pursuant to the municipality's policy or
15 custom. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).

16 While a municipal government, its officials, and organizations are generally immune from
17 suit when acting in their official capacity, immunity can be overcome if a plaintiff can show the
18 constitutional violation was caused by a custom or practice of the municipality. *See id.* (citing
19 *Monell*, 436 U.S. at 690-94). However, here, plaintiff's complaint fails to allege any custom or
20 practice by CPS that deprived her of her constitutional rights. Moreover, plaintiff has only
21 alleged a single incident (the warrantless removal of her son). "A plaintiff cannot prove the
22 existence of a municipal policy or custom based solely on the occurrence of a single incident of
23 unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d
24 1230, 1233 (9th Cir. 1989); *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985)
25 (plurality opinion).

26 Thus, plaintiff has not stated a claim under § 1983 because CPS is not an appropriate
27 defendant acting under the color of state law and she has failed to plead a custom or policy of
28 wrongdoing.

I will allow plaintiff a chance to amend her complaint before recommending that this action be dismissed.  Plaintiff should also take care to add specific factual allegations against each defendant.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for an extension of time, ECF No. 11, is granted and her amended complaint is deemed timely.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court she wishes to stand by her current complaint.  If she selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order will result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   June 7, 2024                            _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE