UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIOBHAN GENESSI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PLACER COUNTY SUPERIOR COURT, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:23-cv-1054-DAD-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff Siobhan Genessi has filed a second amended complaint against the Placer County Child Protective Services, Placer County Counselors Kee Ana Smith and Roger Coffman, and Placer County CPS employee Hilary Trauth.  Plaintiff's second amended complaint, however, fails to fix the deficiencies noted in my prior screening orders.  I recommend that the complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

      A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The factual allegations from the first and second amended complaints are materially the same. *See* ECF Nos. 12 & 18. Plaintiff's allegations surround her son's removal from her care and the subsequent child custody determination. Of note, plaintiff alleges that Placer County CPS removed her son under the guise of a non-existent warrant. ECF No. 18 at 1-2. Plaintiff claims that, following her son's removal, Placer County CPS worker Hilary Trauth and county counselors Kee Ana Smith and Roger Coffman made misrepresentations about her to the court. Those misrepresentations led to her loss of custody rights. *Id.* at 2-6.

As noted in my prior order, county counselors Smith and Coffman are immune from this suit. ECF No. 14. Smith and Coffman, who appear to have been acting as prosecutors, enjoy immunity from suit when they act within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Because plaintiff attempts to impose liability for acts taken in the county counsels' prosecutorial capacity, these claims fail.

2

Plaintiff's allegations that CPS employee Trauth made false statements to the state court, as previously discussed, violate *Rooker-Feldman*. *Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (explaining that the *Rooker-Feldman* doctrine barred the plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void"). The allegations against Trauth are barred because plaintiff had the opportunity to present this argument to the state court before the court made its final determination. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859-60 (9th Cir. 2008).

The complaint also fails to state a denial of familial association claim against Placer County CPS. *See Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). Plaintiff does not allege that any particular CPS worker removed her son without a warrant. Indeed, plaintiff has not added any factual allegations relating to the removal of her son. As I previously explained, CPS is not the proper defendant because CPS is considered "merely [an] administrative unit[ ] of the state and ha[s] no capacity to be sued." *Smith v. Barrow Neurological Institute*, No. CV 10-01632-PHX-FJM, 2013 WL 526391, at *3 (D. Az. Feb. 12, 2013).

Plaintiff has also failed to cure the deficiencies in her complaint to state a *Monell* claim. "Municipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Moreover, a municipal entity or its departments, like Placer CPS, is liable under § 1983 only if the plaintiff shows that his or her constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). And here, plaintiff has failed to allege any custom or practice by CPS that deprived her of her constitutional rights. The single incident of her son's warrantless removal cannot stand as the basis for a *Monell* claim. "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989); *see City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (plurality opinion).

Plaintiff has failed to cure the allegations against the named defendants. And, given that plaintiff has "had several opportunities to amend [her] complaint and repeatedly failed to cure deficiencies," I recommend that this action be dismissed without leave to amend. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's second amended complaint, ECF No. 18, be dismissed without leave to amend.

2. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE